UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| APRIL D., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00414-JDL |
| | ) | |
| ANDREW M. SAUL, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant Saul, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the February 13, 2018, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 15-2).[1] The ALJ's decision tracks

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of morbid obesity, cervical and lumbar degenerative disc disease, spina bifida at L5, and degenerative joint disease of the left knee. (R. 17-18.) The ALJ further found that the impairments leave Plaintiff with the residual functional capacity for light work, occasional ramps, stairs, ladders, ropes or scaffolds, and occasional stooping, kneeling, crouching and crawling. (R. 19.) Given the RFC and the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform past relevant work as a cashier and fast food worker and, consequently, is not disabled for purposes of the Social Security Act. (R. 24-25.)

**STANDARD OF REVIEW**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff alleges the ALJ erred by failing to find at step 2 that Plaintiff has severe fibromyalgia and a severe mental impairment, and by failing to recognize the restrictions the impairments impose when assessing Plaintiff's residual functional capacity (RFC). Plaintiff further argues that the errors were essential to the ALJ's step 4 finding.

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of impairments that are "severe" from a vocational perspective, and that the impairments meet the durational requirement of the Social Security Act. 20 C.F.R. § 416.920(a)(4)(ii). The step 2 requirement of "severe" impairment imposes a *de minimis* burden, designed merely to screen groundless claims. *McDonald v. Sec'y of HHS,* 795 F.2d 1118, 1123 (1st Cir. 1986). An impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id.*

At step 2, medical evidence is required to support a finding of severe impairment. 20 C.F.R. § 404.1521. See also Social Security Ruling 96-3p ("Symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a

medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s).") (citation omitted). A diagnosis, standing alone, does not establish that the diagnosed impairment would have more than a minimal impact on the performance of work activity. *Dowell v. Colvin*, No. 2:13-cv-00246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014). Moreover, even severe impairments may be rendered non-severe through the ameliorative influence of medication and other forms of treatment. *Parsons v. Astrue*, No. 1:08-cv-218-JAW, 2009 WL 166552, at *2 n.2, *aff'd*, 2009 WL 361193.

If error occurred at step 2, remand is only appropriate when the claimant can demonstrate that an omitted impairment imposes a restriction beyond the physical and mental limitations recognized in the Commissioner's RFC finding, and that the additional restriction is material to the ALJ's "not disabled" finding at step 4 or step 5. *Socobasin v. Astrue,* 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue,* No. 09–CV–220–B–W, 2010 WL 276280, at *4 n. 3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")).

**A.     Fibromyalgia**

On January 10, 2018, Plaintiff supplemented the record with a medical source statement signed by her primary care provider, Stratton Shannon, D.O. (Ex. 23F.) The form is specific to disorders of the joints and spine, and on a related form (Ex. 20F) Dr. Shannon noted that Plaintiff's diagnoses include fibromyalgia in addition to degenerative

disc and joint disease. (R. 797.) On the RFC form, Dr. Stratton checked a box to reflect that Plaintiff's symptoms include a history of widespread pain, 11 of 18 specific tender points, and severe fatigue. (R. 819.) The form includes a physical RFC opinion.[2] Among other metrics, Dr. Stratton noted that Plaintiff would be absent from work more than four days per month; can never stoop or bend, squat or crouch; can sit for only 30 minutes at one time, and for only about two hours in an eight-hour workday; and can stand or walk in only 30 minute increments for a total of four hours in a workday.

At step 2, the ALJ found, evidently based exclusively on Dr. Shannon's source statement, that Plaintiff has the medically determinable impairment of fibromyalgia,[3] but that the impairment is not severe for vocational purposes. (R. 18.) The ALJ did not otherwise discuss fibromyalgia in the step 2 analysis. The ALJ, however, stated that he considered Plaintiff's non-severe impairments in his assessment of Plaintiff's RFC. (R. 18.)

In the context of the discussion regarding Plaintiff's RFC, the ALJ noted Plaintiff's testimony that fibromyalgia makes her feel fatigued, that she treats it with a Lyrica prescription, and that she perceives the Lyrica makes her drowsy. (R. 20.) He also noted

---

[2] Separately, Dr. Stratton completed a form addressed to the Listings. (Ex. 20F.) On the form, Dr. Stratton stated that Plaintiff's conditions satisfy the listings pertaining to major dysfunction of a joint (Listing 1.02), disorders of the spine (Listing 1.04), and inflammatory arthritis (Listing 14.09). (R. 799-802.) The ALJ concluded that the requirements of the listings were not satisfied, including in reference to any "arthralgias" of record. (R. 18-19.) Plaintiff's has not argued in her Statement of Errors that the ALJ erred at step 3 with respect to application of the Listings.

[3] The ALJ did not cite exhibit 23F, Dr. Shannon's source statement, as the basis for the finding that fibromyalgia is a medically determinable impairment, though that is evident from his subsequent RFC assessment.

5

Plaintiff's report that her back condition is her primary impairment. (R. 22.) Among the medical evidence the ALJ cited was Dr. Shannon's report of Plaintiff's April 20, 2017 annual examination, which report reflects Plaintiff's denial of arthralgias and motor disturbances, as well as a normal musculoskeletal exam with no acute distress. (Ex. 18F, R. 780 ("Encounter for general adult medical examination without abnormal findings.")). Other entries in the medical record are similar.[4] Notably, Plaintiff has not directed the Court to a treatment record that suggests Plaintiff was assessed or treated for fibromyalgia as a distinct condition.

The ALJ specifically addressed Dr. Shannon's opinion and his observation that Plaintiff has "diffuse pain for which she takes multiple medications." (R. 23.) The ALJ gave the opinion "little weight" on matters of functional limitation given that the record included normal or benign physical examination findings and because nothing in the treatment records from Dr. Shannon's practice supported "the specific checked elements in the opinion." (R. 23.) Ultimately, the ALJ reasoned that the expert opinion was "entirely conclusory in nature" and "not very convincing," particularly when compared to the treatment notes and other medical evidence. (R. 23-24.) The ALJ's assessment is not unreasonable on this record. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Given that the ALJ's assessment of Dr. Shannon's findings and opinions is

---

[4] The Commissioner has identified several entries to similar effect. (Def.'s Opp'n 4-6.)

supportable, including his conclusions regarding the report in which Dr. Shannon answers affirmatively to the question whether Plaintiff meets the criteria for the classification of fibromyalgia (Ex. 23), the ALJ's finding that Plaintiff's fibromyalgia is not severe is also supportable. Furthermore, because the ALJ's assessment of Dr. Shannon's opinions is supportable, insofar as the ALJ considered Dr. Shannon's opinion in formulating Plaintiff's RFC, including Plaintiff's symptoms cited by Dr. Shannon in support of the opinion, even if the ALJ erred in concluding that the fibromyalgia was not severe, the error would be harmless. *Socobasin v. Astrue,* 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue,* No. 09–CV–220–B–W, 2010 WL 276280, at *4 n. 3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")).

**B.     Mental Impairment**

In the step 2 discussion, the ALJ found that depression, anxiety and post-traumatic stress disorder were medically determinable impairments, but he determined the impairments were non-severe. The ALJ noted that mental status exams of record were "generally benign and not supportive of significant functional limitations." (R. 18, citing Ex. 9F at 2, 3, 5; Ex. 11F at 2; and Ex. 19F at 3, 16, 18.) Additionally, the ALJ observed that Robert Campion, M.D., a psychiatric medical consultant, concluded that Plaintiff's records do not disclose a severe mental impairment. (R. 18, citing Ex. 6A, R. 182-83.)

Plaintiff argues the medical record compels a different conclusion. According to Plaintiff, the treatment records of primary care providers Jeffery Swenson, M.D. and Dr.

7

Shannon reflect diagnoses of "major depressive episode and/or anxiety disorder at various times." (Statement of Errors 8, citing Exs. 4F, 492-601; 9F, R. 679-81; 11F, R. 696-700; 18F, R. 775-85.) Of note, in May 2016, Dr. Shannon assessed "mild single episode major depression" on Plaintiff's report of "anxiety/depression issues building over the last few months." (R. 679-80.) In follow up, on July 2016, Dr. Shannon noted a change in Plaintiff's medication from Paxil to Effexor "with patient giving a thumbs up this AM" and reporting she is "[d]oing much better." (R. 696.)

Plaintiff's diagnoses of anxiety and depression continued throughout the remainder of the claim period, and Dr. Shannon's July 2017 medical record includes an entry that states, "chief complaint" of "Paperwork for SSI and referral for counseling." (R. 776.) The corresponding assessment, however, was unchanged: "Major depressive disorder, single episode, mild." (R. 777.) At that time, anxiety disorder NOS was included in the past medical history. (R. 776.) During Plaintiff's April 2017 annual exam, Dr. Shannon noted Plaintiff was not feeling tired or poorly and was experiencing no anxiety, no depression, and no sleep disturbance. (R. 779.)

Given that the medical records reflect that Plaintiff experienced a single episode of major depression and reveal that in April 2017, Plaintiff was experiencing no anxiety or depression, the ALJ's reliance on the consulting expert's opinion is reasonable. The issue is whether the ALJ's reliance is supportable even though the ALJ did not discuss the records of counselor Paula Cyr, LCSW. (Ex. 19F.)[5] Ms. Cyr's progress notes reflect an

---

[5] Ms. Cyr also offered an opinion concerning Plaintiff's mental RFC. (Ex. 21F.)

emphasis on mindfulness counseling and symptoms resulting from physical challenges and family matters and a contemporaneous matter involving a protection order against a former abuser released from prison in Colorado. According to Plaintiff, a remand for consideration of Ms. Cyr's progress notes and opinion is warranted because the ALJ ignored Ms. Cyr entirely. (Statement of Errors at 9-12.) Although ideally an ALJ would acknowledge and discuss counseling records associated with the medically determinable mental impairments identified at step 2, because Ms. Cyr was not an acceptable medical source, because, as discussed above, the ALJ otherwise adequately discussed and addressed the relevant medical information regarding Plaintiff's mental health condition, and because the ALJ's assessment is supportable on the record, the ALJ's failure to comment on Ms. Cyr's findings does not warrant remand.

**C.     RFC Finding**

Plaintiff contends that the ALJ's RFC finding is not supported by substantial evidence because the RFC fails to account for all the non-exertional limitations resulting from Plaintiff's pain or mental impairments. Plaintiff's argument in essence reiterates her challenge to the ALJ's assessment of Dr. Shannon's opinion and the ALJ's failure to comment on the records of Ms. Cyr. For the reasons stated above, the ALJ's assessment of Dr. Shannon's opinion is supportable and the ALJ's failure to comment upon or incorporate in his findings the records of Ms. Cyr do not constitute error. The ALJ's RFC is otherwise supportable.

9

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of June, 2019.